1

2

3

4

5

6

7               **UNITED STATES DISTRICT COURT**

8                      **DISTRICT OF NEVADA**

9

10  UNITED STATES OF AMERICA,

11        Plaintiff,                              Case No. 3:73-cv-00003-LDG
                                                  (In Equity No. A-3-LDG)
12  v.                                            Case Sub-File 3:73-cv-00024-LDG

13  ORR WATER DITCH CO., *et al*.,                **ORDER**

14        Defendants.

15  _____

    In Re: Protested Application Nos.
16  73783, 73791 through 73800, 73849
    through 73855, 73863 through 73872,
17  73908 through 73917, 73986, 73987,
    74076 through 74085, 74193 through
18  74202.

19

20        Churchill County has petitioned for judicial review (#2) of the Nevada State

21  Engineer's Interim Order No. 1, entered in the protested applications identified in the above

22  caption.[1]  The respondent, real party-in-interest Truckee Meadows Water Authority, moves

23  to dismiss the petition (#18).  The Water Authority has been joined in its motion by the

24

25        _____

           [1]     The City of Fallon also filed a petition for judicial review (#1), but has
26  withdrawn that petition (#45).  The Truckee-Carson Irrigation District moved for a writ of
    mandamus (#4), but has withdrawn that motion (#43).

1 Nevada State Engineer (#22), the United States (#23), and the Pyramid Lake Paiute Tribe

2 of Indians (#24).  Churchill County opposes the motion (#28).

3        Motion to Dismiss

4        The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(1),

5 challenges whether Churchill County's petition seeking judicial review of an interim order of

6 the State Engineer is ripe.  The threshold issue raised by the motion to dismiss is

7 straightforward: Pursuant to the language of Nevada Revised Statute §533.450(1), can

8 Churchill County appeal an interim or interlocutory order of the State Engineer?

9        Section 533.450(1) states in relevant part:

10       Any person feeling himself aggrieved by any order or decision of the State
         Engineer . . . affecting his interests, when such order or decision relates to
11       the administration of determined rights or is made pursuant to NRS 533.270
         to 533.445, inclusive, may have the same reviewed by a proceeding for that
12       purpose, insofar as may be in the nature of an appeal . . . .

13 Churchill County's argument is equally straightforward: Since the statute permits a review

14 of "any order," an interim order may be appealed.  The respondents counter that the statute

15 must be read as a whole, and when read as such leads to the conclusion that a judicial

16 review becomes ripe only after the State Engineer has entered a final order.  The

17 respondents further note the general judicial abhorrence of permitting appeals of

18 interlocutory orders, and the judicial preference that the decisions of a decision-maker

19 become ripe for review only after the final decision in the matter is issued.

20       Recently, in *Howell v. State Engineer,* 124 Nev. Adv. Op. No. 99 (2008), the Nevada

21 Supreme Court stated:

22       Because NRS 533.450(1) provides review for "any order or decision" of
         the State Engineer that affects a person's interests "when the order or
23       decision relates to the administration of determined rights," we conclude that
         so long as the decision affects a person's interests concerning the rights, and
24       is a final written decision of the issue, it is reviewable.

25 In several places in its decision, the Nevada Supreme Court reiterates that the decision of

26 the State Engineer must be final to be reviewable under NRS 533.450(1).  The State

2

1   Engineer clearly identified the order from which Churchill County seeks review as an

2   interim order.  As such, the State Engineer indicated his intent to retain jurisdiction over the

3   issues addressed in Interim Order #1, including an inherent procedural power to

4   reconsider, rescind, or modify the resolution of issues addressed in Interim Order #1 prior

5   to entering his final decision on the underlying change applications.  Indeed, shortly after

6   entering Interim Order #1, the State Engineer modified the resolution of several issues and

7   subsequently entered Interim Order #2.

8          The court would note that, by this decision, Churchill County is not deprived of an

9   opportunity to seek review of the State Engineer's decisions set forth in Interim Order #1.

10  Rather, the court has determined only that those decisions are not yet ripe for review.

11         Accordingly, for good cause shown,

12         THE COURT **ORDERS** that Churchill County's Motion for Leave to File Response

13  (#40) to Truckee Meadows Water Authority's Notice of Additional Authority is GRANTED;

14         THE COURT FURTHER **ORDERS** that Truckee Meadows Water Authority's Motion

15  to Dismiss for Lack of Jurisdiction (#18) is GRANTED.

16         THE COURT FURTHER **ORDERS** that the outstanding Motion to Stay (#3) filed by

17  Churchill County is DENIED as moot.

18

19  DATED this _27_ day of April, 2009.

20

21                                                                        Lloyd D. George
                                                                           United States District Judge
22

23

24

25

26

3